{¶ 34} I respectfully dissent from the majority decision affirming the granting of summary judgment in favor of appellees City of Cleveland, Mayor Jane L. Campbell, City of Cleveland Civil Service Commission, City of Cleveland Department of Public Safety, and James Draper (former Director of Public Safety) (collectively referred to herein as "the city"). For the reasons stated below, I would reverse the trial court ruling and remand the case for further proceedings.
 {¶ 35} Because I believe material issues of fact are in dispute, I will include a separate outline of the facts from my perspective. The facts of this case as set forth in the trial court's opinion are as follows:
 {¶ 36} "Pursuant to the City of Cleveland Charter and the Civil Service Commission Rules[1] (`CSC Rules'), firefighters who are interested in being promoted to the position of Lieutenant are required to take a Civil Service examination administered by the Civil Service Commission (the `Commission'). All examinees that successfully complete the examination with a minimum score of 70 are placed on an `eligible list' which expires after two years. As vacancies or new positions become available within the fire department, the Director of the Dept. of Public Safety who is the appointing authority requests the Commission to `certify' or otherwise produce a list of names taken from the eligible list using a formula provided in the CSC rules for consideration for the available positions. Under the CSC Rules, more individuals are certified than there are positions available. The successful candidates are appointed to the vacant or new positions.
 {¶ 37} "In summary, to be promoted to Lieutenant, one must pass three stages: (1) get on an eligible list with a minimum score on an exam; (2) be a certified candidate per a pre-established formula; and (3) be appointed to the position of Lieutenant. If, however, there is no eligible list in existence at the time a vacancy occurs, the appointment authority may appoint an individual temporarily to fill the position until a new eligible list is created. CSC Rules 5.10, 6.10, and 7.20.
 {¶ 38} "The parties stipulate as follows: Plaintiffs are full-time firefighters employed by the City of Cleveland who took a Civil Service examination for rank of Lieutenant in the Division of Fire on January 8, 2000. Plaintiffs, among others, successfully completed the test and were placed on an eligible list dated April 3, 2000 (the `Eligible List') with an expiration date of April 4, 2002. On March 20, 2002, just fourteen days before the Eligible List was to expire, the appointing authority requested the Commission to certify names from the list for twenty-four promotions for the rank of Lieutenant. The Commission certified thirty-six names from the Eligible List to the appointing authority on March 20, 2002. Of the individuals certified from the Eligible List, twenty-four candidates were appointed to the position of Lieutenant on March 27, 2002, one candidate was appointed to a subsequently available position of Lieutenant on April 29, 2002, and ten candidates were not appointed.[2]
 {¶ 39} "The parties further agree that Plaintiffs herein are among the ten individuals who were certified on March 20, 2002 to the appointment authority prior to the expiration of the Eligible List, but who were not appointed to a position of Lieutenant; and that after the Eligible List expired, the City made at least fourteen temporary promotions to lieutenant by promoting individuals other than Plaintiffs to vacancies arising after the Eligible List expired and before a new list was created.
 {¶ 40} "The parties have further stipulated to various Defendants' titles, authority and obligations, inter alia, which are omitted here for efficiency."
 {¶ 41} The plaintiffs in this action were among the individuals who were certified from the subject eligible list but were not appointed to lieutenant.[3] They filed a complaint for injunctive, declaratory and other relief. The plaintiffs sought to declare certain promotions to be in violation of the applicable rule and to secure promotions to lieutenant, among other relief.
 {¶ 42} As the majority has noted, the trial court granted summary judgment in favor of the city. Appellants Wollman and Eddy have filed this appeal, raising the three assignments of error previously outlined by the majority and restated here for clarity, as follows:
 {¶ 43} "1. The court of common pleas erred in granting summary judgment to Defendants and denying promotions to Plaintiffs by ignoring binding precedent."
 {¶ 44} "2. The court of common pleas erred in granting summary judgment to Defendants and denying promotions to Plaintiffs by applying different standards for selection of certified eligibles for firefighters' promotions than courts have applied to police department appointments under the same rules and candidates promoted off the same list."
 {¶ 45} "3. The court of common pleas erred by deciding a material dispute of fact on summary judgment by finding that there was no vacancy under Cleveland's civil service rules into which Plaintiffs could be promoted and failing to construe the evidence in Plaintiffs' favor."
 {¶ 46} It is undisputed that the duty to appoint individuals to a vacant position may survive the expiration of the eligible list. As this court recognized in Fraternal Order of Police v. City of Cleveland (Jan. 18, 2001), 141 Ohio App.3d 63, the expiration of an eligible list does not terminate the certified list of candidates that was made from the eligible list before it expired. Further, the parties do not dispute that certification for vacancies existing prior to the expiration of the eligible list continue until the vacancy is filled. I believe the central dispute in this case is whether vacancies existed to be filled prior to the expiration of the eligible list.
 {¶ 47} Appellants were certified as candidates from the eligible list before it expired. However, they were not appointed to any of the vacant positions that existed prior to the expiration of the list. Although the majority holds that no facts are in dispute, the application of those undisputed facts to the statute presents issues regarding whether vacancies existed at the time of the expiration of the list.
 {¶ 48} The first vacancy involves the appointment of Timothy DeBarr. DeBarr was a certified candidate who was promoted to lieutenant on March 27, 2002, before the expiration of the list. However, his promotion was rescinded on May 13, 2002, after the eligible list had expired. The parties dispute whether the vacancy related back to the time when it was originally created (March 20, 2002), or whether the position again became vacant at the time DeBarr rescinded his appointment. The trial court held, and the majority now agrees, that the city was permitted to fill the vacant position in the manner provided for in CSC Rule 7.20 for temporary promotions. I disagree.
 {¶ 49} Section 131 of the city's charter provides that all original and promotional appointments are probationary for a period not to exceed six months and that "no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationary period." CSC Rule 6.80 sets a probation period at 120 days. Pursuant to this authority, DeBarr's appointment was never made final. As a result, the vacancy cannot be said to have been filled and the city should have filled the position from the list of certified candidates. The failure to do so was improper.
 {¶ 50} The record also reflects that on the last day the eligible list was valid, the city requested certification of six additional names from the eligible list, which according to the evidence would have been for four positions. See CSC Rule 6.10, Plaintiffs' Motion for Summary Judgment Exhibit 2 at pg. 5, and Exhibit D. Appellants argue that a fair inference can be made that the city contemplated four vacancies on April 3, 2002 when it requested six additional names from the list of eligibles. The city contends that the mere certification from the eligible list does not automatically create actual vacancies. The city also asserted at oral argument that these were only "anticipatory" vacancies. The city's argument is contrary to the plain language of the CSC Rules, which authorize names to be certified based only on the number of vacancies that exist.
 {¶ 51} Pursuant to CSC Rule 6.10, "[i]f there is more than one position to be filled," the commission is required to certify names from the list of eligibles and the number of names to be certified is determined by a formula involving the "number of vacancies." It is inherent from this rule that the commission certifies eligibles based on the number of vacancies that exist. Since the city requested certification of six names, four vacancies existed under the rule's formula.[4] Also, pursuant to this rule, the commission is supposed to certify those persons "standing highest on the eligible list." Under the clear language of this rule, the appellants, having been the next highest on the eligible list, should have been among the six names certified.[5]
 {¶ 52} If actual vacancies did not exist, there would have been no need for the city to request certification from the eligibility list. The city could have waited until the list expired and, at the time it claims the "anticipatory" vacancies arose, filled the positions. This, however, is not what happened in this case. The fact that the city initiated a request for certification establishes that vacancies existed pursuant to the CSC Rules.
 {¶ 53} In this case, appellants claim that the city, since the expiration of the eligible list, has made numerous temporary appointments rather than appointing from the certified eligibles. The failure of the city to fill the four vacant positions for which it requested names of certified eligibles was improper. While one of the four vacancies appears to have been created by the retirement of Lieutenant Deighton and filled by Robert Schwind in accordance with CSC Rules, the remaining three vacancies were not filled in accordance with those rules.
 {¶ 54} Robert Schwind was promoted to lieutenant on April 29, 2002. Schwind had been certified and was next on the eligible list. The record reflects that Schwind filled a vacancy that was created upon the retirement of Lieutenant Deighton on April 3, 2002, before the expiration of the list. Thus, three vacant positions remained to be filled under the CSC Rules.
 {¶ 55} I would find the trial court erred in concluding appellants did not maintain their certified status once the eligible list expired. As previously discussed, appellants' certification did not end upon the expiration of the list. Rather, their certification remained valid for any vacancies for which they had been certified prior to the expiration of the list. I would find at least four such vacancies existed.
 {¶ 56} This view does not necessarily mean that appellants herein are entitled to the positions. As the trial court correctly found, CSC Rule 6.10 requires that more names be certified to the appointing authority than there are positions available. Thus, it cannot be said that every individual who is certified is entitled to promotion to lieutenant. However, in my view, the city was required to fill the vacancies that existed before the expiration of the list with individuals who were properly certified for the position.
 {¶ 57} With respect to any new vacancies arising after the expiration of the list, I would find that the city was permitted to follow CSC Rules 6.70 and 7.20, which govern temporary appointments and promotions in the absence of an appropriate eligible list. This rule allows for the temporary appointment of individuals until the establishment of a suitable eligible list. There is no requirement under this rule that former certified eligibles be temporarily appointed. Indeed, certifications should not last indefinitely. See Fraternal Order ofPolice v. City of Cleveland, 141 Ohio App.3d at 78.
 {¶ 58} Further, I respectfully disagree with the majority view that appellants have advanced a new theory on appeal and should be precluded from doing so. While it is true that the facts are essentially not in dispute, the application of those facts to the existing statutes has consistently been raised by appellants and has always been in dispute.
 {¶ 59} In light of that analysis above, I would sustain appellants' first assignment of error and find any remaining issues moot.
[1] "The parties have stipulated that the `Rules of The Civil Service Commission, City of Cleveland, Ohio, Revised Edition, 2001' are the current rules of the CSC and were the current rules in use in the year 2002, the year this cause of action accrued."
[2] "One candidate appears to have waived his certification and appointment to the position of Lieutenant, as eighteen candidates with test scores below his were appointed to the position of Lieutenant on March 27, 2002."
[3] The plaintiffs who filed this action include the appellants herein as well as Granville White and Ron Jenkins, who are not parties to this appeal.
[4] CSC Rule 6.10 provides in pertinent part: "If there is more than one position to be filled, the number of names to be certified shall be determined by taking the next higher multiple of four above the number of vacancies, dividing it by two and adding the quotient to the number of vacancies."
[5] It should be noted that CSC Rule 6.20 allows an individual from an eligible list to be considered only four times by an appointing authority, with limited exception.